OPINION
Under the trial number B-9906703(A), the subject of this appeal, defendant-appellant Rico Engleman pleaded guilty to aggravated robbery, a first-degree felony, with a one-year gun specification. At the hearing regarding the plea, the trial court informed Engleman that, if he went to prison, he would be subjected to post-release control and that he could be subjected to "bad time." The court sentenced him to four years' incarceration for the aggravated robbery, which was to run consecutively to the one-year specification. The court also ordered that the sentence was to run consecutively to the incarceration that Engleman had received for aggravated robbery in another case, under the trial number B-9903751. Engleman and counsel for the state agreed upon the sentences in both cases, including that they run consecutively.
Engleman now appeals his sentence, asserting two assignments of error. He asserts in the first assignment that the statutes authorizing bad time and post-release control, R.C. 2967.11 and R.C. 2967.28, respectively, are unconstitutional. In State exrel. Bray v. Russell,[1] the Ohio Supreme Court declared R.C.2967.11 unconstitutional. Based on the authority of that case, and also upon reasons of judicial economy (it is easier for the trial court to include an order in its sentencing entry than to entertain a later habeas proceeding), we sustain Engleman's first assignment regarding R.C. 2967.11.[2] Because R.C. 2967.11 is contrary to law, we hold that Engleman cannot be subjected to the imposition of bad time. We remand this case for the trial court to correct its sentencing entry to specifically state that Engleman is not subject to bad time.
But, regarding R.C. 2967.28, the Ohio Supreme Court in Woods v.Telb[3] declared R.C. 2967.28 constitutional. Thus, we overrule Engleman's assignment with regard to that statute.
In Engleman's second assignment, he asserts that the court erred in ordering that his sentence in case number B-9906703(A) should run consecutively to the sentence in case number B-9903751. Engleman argues that the court failed to make the necessary findings under the felony-sentencing guidelines to impose consecutive sentences. We disagree.
R.C. 2953.08(D) states, "A sentence imposed upon a defendant is not subject to review [on appeal] if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." A sentence is "authorized by law" as long as the prison term imposed does not exceed the maximum term authorized for the offense.[4] Here, in the case numbered B-9903751(A), the court imposed the exact sentence agreed upon by Engleman and the state, which included the provision making it consecutive to the sentence in the case numbered B-9906703. The sentence did not exceed the statutory range and was, thus, authorized by law. Before imposing the sentence, the court made sure that Engleman understood the agreement and had made the agreement voluntarily. While it is true that the court did not make findings regarding the imposition of consecutive sentences, we hold that such findings were not necessary because the sentence was an "agreed sentence" and was within the bounds authorized by statute. We overrule the second assignment.
Therefore, the sentence of the trial court is vacated, and this cause is remanded for Engleman's sentencing entry to be corrected so that it reflects that he is not subject to the imposition of bad time.
Gorman, P.J., and Winkler, J., concur.
[1] (2000) 89 Ohio St.3d 132, 729 N.E.2d 359.
[2] See State v. Morris (Aug. 18, 2000), Hamilton App. No. C-000027, unreported (defendant had standing to challenge R.C.2967.11, and the challenge was ripe).
[3] (2000) 89 Ohio St.3d ___, ___ N.E.2d __.
[4] See State v. Henderson (Sept. 27, 1999), Warren App. No. CA99-01-002, unreported.